IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JOANN M. PAULY,                )
                               )
          Plaintiff,           )         8:06CV704
                               )
     v.                        )
                               )
GC SERVICES, LIMITED           )         MEMORANDUM AND ORDER
PARTNERSHIP,                   )
                               )
          Defendant.           )
_____)
```

This matter is before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 9). Having reviewed the motion, the parties' submissions, and the applicable law, the Court finds that defendant's motion should be granted in part and denied in part.

### STANDARD OF REVIEW

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle her to relief. *Young,* 244 F.3d at 627. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes

allegations that show on the face of the complaint that there is some insuperable bar to relief.  *Schmedding*, 187 F.3d at 864.

## FACTS

Plaintiff alleges an employee of the defendant contacted her via telephone on April 25, 2006, in an attempt to collect money allegedly owed by plaintiff's daughter on a Bank of America, L.L.C. account.  Plaintiff alleges she is not an account holder or codebtor.  Plaintiff alleges her daughter specifically requested the defendant not to contact the plaintiff when plaintiff's daughter spoke to defendant on April 25, 2006.  Plaintiff alleges the defendant's employee told her that: (1) her daughter had committed a federal fraud; (2) defendant's legal department was going to prosecute her daughter; and (3) plaintiff had one hour to come up with the money for her daughter's account (Filing No. 1, ¶ 7).  Plaintiff also alleges defendant told her private details of her daughter's account.

Plaintiff claims the following violations of the Fair Debt Collection Practices Act ("FDCPA"): (1) defendant communicated with a third party about the alleged debt without prior consent of the consumer in violation of 15 U.S.C. §§ 1692b and 1692c; (2) defendant made harassing or abusive telephone calls in violation of 15 U.S.C. § 1692d; (3) defendant made false or misleading representations, falsely represented the character, amount, or legal status of the alleged debt, and threatened to

take actions that could not legally be taken or that defendant did not intend to take in violation of 15 U.S.C. § 1692e.

### DISCUSSION

As an initial matter, the Court must first address plaintiff's inclusion of and reference to documents outside of the complaint. The Court declines to convert defendant's motion to dismiss into a summary judgment motion and to consider matters outside of the complaint.

Defendant moves to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. First, defendant argues that plaintiff failed to state a claim under 15 U.S.C. §§ 1692b. Section 1692b sets forth the requirements with which debt collectors must comply when they are communicating with a person other than the consumer *for purposes of acquiring location information*. Plaintiff does not allege the defendant contacted her to inquire into her daughter's location; instead, plaintiff claims defendant contacted her in connection with debt collection. Therefore, while defendant may have violated other provisions of the FDCPA by contacting plaintiff, the plaintiff has not stated a cause of action under § 1692b, and the Court will grant defendant's motion to dismiss with respect to claims under § 1692b.

Second, defendant argues that plaintiff fails to state a claim under 15 U.S.C. § 1692c because plaintiff does not have

-3-

standing to sue under this section.  Section 1692c addresses communication in connection with debt collection.  Except to obtain location information as provided in § 1692b, debt collectors must have the prior consent of the consumer before communicating with anyone other than the consumer concerning the collection of a debt.  15 U.S.C. § 1692c(b).[1]  While the complaint alleges defendant contacted the plaintiff in connection with debt collection without plaintiff's daughter's consent, plaintiff does not have standing to sue under § 1692c because she is not a consumer under the FDCPA.  "Only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c." *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003)(citing *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 649 n.1 (6th Cir. 1994)(*en banc* ); *see also Belin v. Litton Loan Servicing, LP,* No. 8:06-cv-760-T-24 EAJ, 2006 WL 1992410, at *6 (M.D. Fla. July 14, 2006); *Mantell v. Feingold & Levy*, No. 96 C 1869, 1997 WL 45313, at *3 (N.D. Ill. Jan. 30, 1997); *Mathis v. Omnium Worldwide*, No. CIV. 04-1614-AA, 2006 WL 1582301, at *4 (D. Or. June 4, 2006).  Under the FDCPA, a consumer is generally defined as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  "For the purpose of

---

[1] A debt collector may communicate with "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector" without the prior consent of the consumer.  15 U.S.C. § 1692c(b).

[§ 1692c], the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). Plaintiff lacks standing to bring a claim under § 1692 because: (1) she was not obligated or allegedly obligated to pay any debt;[2] and (2) her daughter is not a minor. Therefore, the Court will grant defendant's motion to dismiss with respect to any claims under § 1692c.

Third, defendant claims plaintiff failed to state a claim under 15 U.S.C. § 1692d, arguing that the complaint lacks allegations of harassment or abuse. Section 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d contains a noninclusive list of debt collector conduct that constitutes harassment or abuse. Plaintiff alleges defendant told her that: (1) her daughter committed a federal fraud; (2) defendant's legal department was going to prosecute her daughter; and (3) plaintiff had one hour to come up with the money for her daughter's account (Filing No. 1, ¶ 7). The complaint also alleges plaintiff's daughter specifically asked the defendant not to contact her mother (*Id.* ¶ 6). Courts employ an "unsophisticated consumer" standard to review alleged

---

[2] In her complaint, plaintiff admits she is neither an account holder nor codebtor.

violations of the FDCPA.  *Strand v. Diversified Collection Service, Inc*., 380 F.3d 316, 317-18 (8th Cir. 2004).  This standard is designed to protect uninformed or naive consumers.  *Id.*  Accepting the allegations in the complaint as true and construing the complaint in the light most favorable to the plaintiff, the Court finds the complaint alleges sufficient facts to survive defendant's motion to dismiss on the claims under § 1692d.

Fourth, defendant moves to dismiss plaintiff's claim under 15 U.S.C. § 1692e.  Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Like § 1692d, § 1692e contains a noninclusive list of debtor conduct that constitutes false or misleading representations.  The allegations recited above, if proven, could constitute *inter alia*: (1) a threat to take action that cannot legally be taken or is not intended to be taken; (2) a false or misleading representation to collect a debt; or (3) a false or misleading representation that the consumer committed a crime. Accepting the allegations in the complaint as true, construing the complaint in the light most favorable to the plaintiff, and reviewing the alleged violations under the unsophisticated consumer standard, the Court finds the complaint states

sufficient allegations to survive defendant's motion to dismiss with respect to the claims under § 1692e.  Accordingly,

IT IS ORDERED:

1) Defendant's motion to dismiss is granted with respect to the claims under 15 U.S.C. §§ 1692b and 1692c (Filing No. 1, ¶ 11(a)); and

2)  Defendant's motion to dismiss is denied in all other respects.

DATED this 11th day of April, 2007.

BY THE COURT:

/s/ Lyle E. Strom
　　　　　　　　　　　　　　　　　　
　　LYLE E. STROM, Senior Judge
　　United States District Court